1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   KEITH LY,

9                        Plaintiff,

10         v.

11   DEPARTMENT OF HEALTH, STATE OF
WASHINGTON, et al.,

12

13                        Defendants.

CASE NO. C16-1563-RSM-MAT

REPORT AND RECOMMENDATION

14                        INTRODUCTION

15         Plaintiff Keith Ly, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to

16   numerous federal and state statutes, including, *inter alia*, 42 U.S.C. § 1983, Titles VII and VI of

17   the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)-2(a)(1), 2000d, and 42 U.S.C. § 1985.

18   Plaintiff was convicted in this Court on ten felony counts, *United States v. Ly.*, CR 13-0157-MJP,

19   and is currently confined at the Federal Correctional Institution in Sheridan, Oregon.

20         Plaintiff names as defendants in the current lawsuit the Washington Department of Health

21   (DOH), the Washington State Board of Osteopathic Medicine and Surgery ("Board"), current

22   and/or former Board members Blake Maresh and John G. Finch, Jr., DOH employees Kelly

23   Penders, Kristi Cholski, and "Jill Does 1-3", Drug Enforcement Agency Diversion Investigator

REPORT AND RECOMMENDATION
PAGE - 1

1    Estevan Sanchez, Washington State Attorney General Bob Ferguson, and Washington State

2    Assistant Attorney General Thomas F. Graham.  He cites as the "Related Master Case" a

3    proceeding before the Board in which his license to practice as an osteopathic physician and

4    surgeon in the State of Washington was suspended.  *See In the Matter of Keith Ky Ly*, License

5    No. DO.OP.00001670, Master Case No. M2013-370.

6          The Court has now reviewed and considered the proposed complaint.  For the reasons set

7    forth below, the Court recommends this case be DISMISSED.

8                                              DISCUSSION

9          As noted above, the claims raised in this case relate to an underlying state administrative

10   proceeding suspending plaintiff's license to practice as an osteopathic physician and surgeon.

11   Plaintiff alleges defendants discriminatorily targeted him based on his race and in a number of

12   other respects acted unlawfully and in violation of his constitutional and statutory rights.  (*See*

13   Dkt. 1 and Dkt. 4-1.)  He points to 28 U.S.C. § 1367 (providing for supplemental jurisdiction

14   over claims related to those over which this Court has original jurisdiction), Federal Rule of Civil

15   Procedure 24 (providing for intervention in a federal district court case), 42 U.S.C. § 1331

16   (federal question jurisdiction), 28 U.S.C. § 1442 (allowing for the United States, or its agencies

17   or officers, to remove actions to this Court), and 42 U.S.C. § 11112 ("Standards for professional

18   review actions"), as supporting the Court's ability to assume jurisdiction and/or intervene in this

19   matter.  Plaintiff requests as relief an order restraining the implementation of the administrative

20   order suspending his license and dismissing the administrative proceedings or, in the alternative,

21   a review of the issues in order to determine whether the ALJ abused his discretion and an order

22   for a shorter license suspension term to run concurrently with his criminal case sentence.  (*See*

23   *also* Dkt. 4-1 at 4.)  The Court, however, finds this case subject to dismissal.

REPORT AND RECOMMENDATION
PAGE - 2

1    Plaintiff's complaint and attached exhibits show that the state proceedings against him

2    remain ongoing.  (*See* Dkt. 1-1 at 1-6 (Board Findings and Fact and Conclusions of Law and

3    Final Order suspending plaintiff's medical license on July 25, 2016); *id.* at 7-14 (documents

4    relating to plaintiff's August 5, 2016 reconsideration request, including September 1, 2016

5    response from Board and September 5, 2016 email from plaintiff's counsel advising him of the

6    RCW limiting his appeal of the administrative decision to a Washington State superior court); *id.*

7    at 25-31 (summons filed by plaintiff in Snohomish County Superior District Court in June 2016);

8    and *id.* at 33 (September 22, 2016 email to plaintiff from counsel indicating request for

9    reconsideration denied on that day and advising plaintiff "[t]he time now starts for purposes of

10   filing any appeal of the rulings by the DOH panel."))  A search of state court filings confirms the

11   ongoing nature of the state proceedings, including one or more appeals of the administrative

12   decision recently filed by plaintiff in state superior courts.  *See* https://odysseyportal.courts.wa.

13   gov/odyportal (petition for judicial review of administrative law proceeding filed in Snohomish

14   County, *Ly v. State of Washington, et al.*, 16-2-15383-31, and Thurston County, *Ly v. State*

15   *Health*, 16-2-04398-34, on June 16, 2016 and October 31, 2016, respectively) (both cases active

16   as of November 3, 2016).

17   Generally, the federal courts will not intervene in pending state proceedings absent

18   extraordinary circumstances where the danger of irreparable harm is both great and immediate.

19   *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971).  "*Younger* abstention requires federal courts

20   to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing,

21   implicate important state interests, and provide an adequate opportunity to raise federal

22   questions." *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012).  *See also*

23   *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*,

REPORT AND RECOMMENDATION
PAGE - 3

546 F.3d 1087, 1092 (9th Cir. 2008) (fourth *Younger* factor considers whether "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.")

The Court is required to invoke the *Younger* abstention doctrine in this case because (1) a state-initiated proceeding is ongoing; (2) the proceeding involves important state interests, including the established interest in regulating physician conduct and licensing; (3) plaintiff is not barred from litigating federal constitutional issues in the state proceeding and, in fact, judicial review is provided for in state courts, RCW 18.130.140, and reviewing courts are authorized to consider constitutional claims, RCW 34.05.570; and (4) the federal action would enjoin the state proceeding. *Alsager v. Bd. of Osteopathic Med. & Surgery*, 945 F. Supp. 2d 1190, 1195-96 (W.D. Wash. 2013), *aff'd*, No. 13-35210, 2014 U.S. App. LEXIS 9139 (9th Cir. May 16, 2014) (affirming holding that abstention was required in a case in which a physician filed suit based on an investigation into his alleged misconduct by the Washington State Board of Osteopathic Medicine and Surgery); *Clausing v. State*, 90 Wash. App. 863, 870-71, 955 P.2d 394 (1998) (noting provision for appellate court review pursuant to RCW 34.05.570, including consideration of constitutional claims, in case addressing license revocation and fine imposed by Washington State Board of Osteopathic Medicine and Surgery). *See also Buckwalter*, 678 F.3d at 747-48 (affirming abstention and dismissal under *Younger* where suit filed by physician challenged the suspension of his authority to prescribe medicine by state board of medical examiners).

An exception to the general rule of abstention exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[.]" *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).  Plaintiff's proposed complaint includes an allegation of bad faith.  That is, he appears to

REPORT AND RECOMMENDATION
PAGE - 4

argue that the assistant attorney general's service of a response to his motion for reconsideration

in the underlying administrative proceeding on his attorney and his attorney's failure to promptly

forward that response to him interfered with his ability to file a notice of appeal. (*See* Dkt. 1 at

6.) This allegation does not, however, demonstrate the type of extraordinary circumstance that

justifies the circumvention of a straightforward application of *Younger* in this case. Among

other issues, it is not clear any delay interfered with the filing of a reply to the motion for

reconsideration, and the documentation submitted by plaintiff does not support the contention

that such delay, or any other act or omission, interfered with plaintiff's ability to file an appeal of

the administrative decision. (*See*, *e.g.*, Dkt. 1-1 at 21, 33.) Plaintiff's claims should, therefore,

be dismissed pursuant to *Younger*.[1]

## CONCLUSION

The Court recommends this matter be DISMISSED without prejudice based on the

*Younger* abstention doctrine. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed. Failure to file objections within the specified time may affect

your right to appeal. Objections should be noted for consideration on the District Judge's

---

[1] It should be noted that, with the exception of claims seeking prospective injunctive relief against individual state officials, the Eleventh Amendment bars plaintiff's claims against the State, its agencies, and state officials acting in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989), and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952-53 (9th Cir. 2008); *Cerrato v. San Francisco Comty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994); *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Alsager*, 945 F. Supp. 2d at 1194-95. Because this matter is subject to dismissal under *Younger*, the Court declines to otherwise address other potential bars or limitations on plaintiff's pursuit of relief in this Court.

REPORT AND RECOMMENDATION
PAGE - 5

1    motions calendar for the third Friday after they are filed.  Responses to objections may be filed

2    within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter

3    will be ready for consideration by the District Judge on **December 2, 2016**.

4         DATED this <u>4th</u> day of November, 2016.

5

6                                     Mary Alice Theiler

7                                     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 6